STATE OF MAINE                           SUPERIOR COURT
YORK, SS.                                Civil Action
                                         Docket No. RE-16-0046


WORLD BUSINESS LENDERS, LLC,

      Plaintiff,

    v.

TEN SEVEN, LLC,
DIMITRI J. BOURAS, as Trustee
of the 222 Elm Street Realty               **ORDER**
Trust and Individually,

      Defendants,

    and

DELTA REALTY, LLC,

      Parties-in-Interest.

This matter came before the court on March 8, 2017 on Plaintiff World Business Lenders, LLC's motion for summary judgment pursuant to M.R. Civ. P. 56. The motion seeks a judgment against Defendants for amounts due on a promissory note and for foreclosure of two mortgages. One of the mortgages that Plaintiff seeks to foreclose involves Defendant Dimitri Bouras's primary residence in Kennebunkport ("Grier Street Property").

A plaintiff commencing an action to foreclose a mortgage on the primary residence of an owner-occupant is required to attach a form notice to the front of the

1

complaint that includes a description of the foreclosure mediation program.[1] 14 M.R.S §6321-A(2). When a defendant returns the notice or "otherwise requests mediation *or makes an appearance* in a foreclosure action, the court shall refer the plaintiff and defendant to mediation pursuant to this section." 14 M.R.S. § 6321-A(6) (emphasis added.)

It does not appear that a notice was sent to or received from Defendant Bouras. He has appeared in this action. The parties have not yet been referred to or engaged in mediation as to the residential mortgage. Plaintiff has not requested an exemption under M.R. Civ. P. 93(d)(2) for filing dispositive motions.

Therefore, ruling on Plaintiff's motion for summary judgment is deferred pending commencement and completion of mediation in the Foreclosure Mediation/Diversion Program with respect to the Grier Street Property.[2] Counsel for Defendant Bouras shall contact the clerk and make arrangements for mediation at Springvale District Court. Each party and counsel shall attend mediation and shall make a good faith effort to mediate all issues relating to the Grier Street Property as well as all related issues in this case. If any party or attorney fails to attend or mediate in good faith, the court may impose appropriate sanctions. 14 M.R.S. § 6321-A(12).

If this matter remains unresolved after the completion of mediation, or if outstanding issues remain following completion of mediation, parties shall notify the court in writing of the status of this matter and request appropriate relief and/or a

---

[1] Compliance the provisions of 14 M.R.S. § 6111 is not required in this matter as the mortgage does not secure "a loan for personal, family or household use." *See David Bordetsky v. JAK Realty Trust*, 2017 ME 42, ___A.3d___.

[2] The court also defers ruling on the other issues presented by the motion for summary judgment until mediation is completed.

2

further hearing if necessary.

The clerk may incorporate this order on the docket by reference pursuant to Rule 79(a).

**SO ORDERED.**

Dated: March 9, 2017

Wayne R. Douglas
Justice, Maine Superior Court

RE-16-46

ATTORNEYS FOR PLAINTIFF:
DANIEL CUMMINGS
CHRISTOPHER LANE BROOKS
NORMAN HANSON & DETROY LLC
P O BOX 4600
PORTLAND ME  04112

ATTORNEY FOR DEFENDANTS:
ANDREW KULL
MITTEL ASSEN LLC
85 EXCHANGE ST 4TH FLOOR
PORTLAND ME  04101

ATTORNEY FOR PARTY-IN-INTEREST:
NICHOLAS MORRILL
JENSEN BAIRD
P O BOX 4510
PORTLAND ME  04112